# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CESAR A. DELAROSA,
　　　　　Appellant,

v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　Agency.

DOCKET NUMBER
SF-0831-14-0602-I-1

DATE: January 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Camarines Sur, Philippines, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant the opportunity to redeposit his refunded retirement deductions. Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant is retired from the U.S. Navy and was also employed in civilian positions subject to the Civil Service Retirement System. Initial Appeal File (IAF), Tab 8 at 13. In 1988, the appellant resigned from federal employment and applied for a refund of his retirement contributions for his entire period of service from 1981 to 1988. *Id*. at 15. He received two disbursements in 1989. *Id*. at 8-9. After OPM informed the appellant in 1991, that he may be entitled to an additional refund, he applied for and received an additional disbursement. *Id*. at 13.

¶3      In 2013, the appellant filed an application for a deferred retirement annuity. *Id*. at 31-33. OPM denied the appellant's application because he had withdrawn his retirement deductions. *Id*. at 29-30. Despite being advised of his right to seek Board review, *id*., the appellant did not appeal OPM's decision. In 2014, the appellant submitted correspondence to OPM requesting payment of a deferred annuity and requesting to redeposit the refunded deductions. *Id*. at 26. In its response to the appellant's request, OPM stated that the appellant was ineligible and would remain ineligible to redeposit the withdrawn deductions unless he was

reemployed in a position subject to retirement deductions. *Id*. at 5. The correspondence provided the appellant with Board appeal rights. *Id*.

¶4 The appellant appealed OPM's decision to the Board. IAF, Tab 1. In its response to the appeal, OPM stated that it discovered a balance of $46.11 in retirement deductions that should have been refunded to the appellant. IAF, Tab 8 at 4. OPM also stated that the issue of entitlement to a deferred annuity was not before OPM or the Board because the appellant did not appeal the previous final decision. *Id*. In the initial decision, the administrative judge found that the issue of entitlement to a deferred annuity was not before the Board and that the appellant was not entitled to make a deposit. IAF, Tab 15, Initial Decision. On petition for review, the appellant argues, as he did below, that the existence of a remaining balance entitles him to redeposit the retirement deductions. IAF, Tab 9 at 4; Petition for Review (PFR) File, Tab 1 at 4-5. OPM has responded in opposition to the petition, PFR File, Tab 5, and the appellant has filed a reply, PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 We find that the appellant is not entitled to redeposit his retirement deductions. The appellant, as an applicant for a retirement benefit, bears the burden of proving his entitlement by a preponderance of the evidence. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1037 (1987). Only an "employee" may make a redeposit. 5 U.S.C. § 8334(d)(1). An "employee" is defined by regulation as (1) a person currently employed in a position subject to the civil service retirement law; or (2) a former employee (whose annuity has not been finally adjudicated) who retains civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain (or have been redeposited in whole or in part). 5 C.F.R. § 831.112 (a)(1)-(2). It is undisputed that the appellant resigned from federal service in 1988, and has not

returned to federal employment. IAF, Tab 8 at 15. He is therefore not entitled to make a deposit on the basis of current employment.

¶6        With respect to the second definition of an "employee," the appellant argues that he is still eligible to make a deposit because he never received a complete refund of his retirement deductions. PFR File, Tab 1 at 4-5. Unless an employee is reemployed in a position subject to the civil service retirement system, receipt of a refund of retirement contributions voids all rights to redeposit those contributions. *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table). The issue is therefore whether the appellant is actually in receipt of the refund, despite OPM's error in failing to refund a minimal balance.

¶7        The applicable regulations provide that, upon application, an applicant is entitled to a refund "for the total lump-sum credit to his or her credit in the Retirement Fund." 5 C.F.R. § 831.2002. The regulations do not provide for a partial refund with respect to separations such as that of the appellant. *Id*. Here, the appellant clearly requested and received a refund of his retirement contributions. We find no basis in the law for a finding that OPM's error in calculating the amount of the refund entitles the appellant to make a redeposit. Because we find that the appellant is not entitled to make a redeposit, we also find that he is not entitled to a deferred annuity.[2] *See Youngblood v. Office of Personnel Management*, 108 M.S.P.R. 278, ¶ 12 (2008).

¶8        We also find that the appellant's general arguments concerning equitable estoppel do not affect this result. *See* IAF, Tab 9 at 4-5; PFR File, Tab 1 at 4. In

---

[2] OPM has indicated that it is prepared to issue the appellant a refund of the remaining balance of his retirement deductions ($46.11). IAF, Tab 8 at 4. If the appellant is not satisfied with the resolution with respect to the remaining balance, he must seek a final decision from OPM prior to any possible Board appeal regarding the balance. *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74 *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table).

order to invoke equitable estoppel against a government agency, an appellant must demonstrate affirmative misconduct on the part of government officials and that he reasonably relied on that misrepresentation or misconduct to his detriment. *See Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 9 (2010). The appellant has presented no such evidence.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.